FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELMER L. H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No: 1:24-cv-03120-RLP <br><br> ORDER |

---

[1] The court identifies a plaintiff in a social security case by only the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

[2] On February 18, 2025, Leland Dudek became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Leland Dudek is substituted for Martin O'Malley as the Defendant in this suit.

ORDER * 1

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying Supplemental Security Income disability benefits. The Court considered the matter without oral argument. As the parties agree, the ALJ failed to analyze the opinion of a doctor who found Mr. H.'s learning disability markedly limited his ability to work. The only disputed issue is the proper remedy. Mr. H. argues the Court should remand for a finding of disability and immediate award of benefits. The Commissioner claims the Court should remand for further proceedings. The Court sides with the Commissioner. Mr. H. makes a strong argument in favor of disability. But because there is conflicting evidence on this front, this is not a rare case where this Court will order an immediate award of benefits.

Therefore, Mr. H.'s brief, ECF No. 8, is granted in part and denied in part and the Commissioner's brief, ECF No. 14, is granted.

BACKGROUND

Mr. H. was born in 1988. At the age of two, he was in a car accident and sustained a traumatic brain injury. Growing up, he has experienced severe learning difficulties. He also struggles with anxiety, depression, and possible attention deficit hyperactivity disorder. Mr. H. was placed in special education classes and dropped out from school during his junior year. He does not hold a high school diploma or GED.

Mr. H. experiences significant difficulties with transportation. He has not been able to obtain a driver's license, due to repeated inability to pass the licensing test. He is too fearful to use public transportation. And he struggles to walk more than a couple blocks away from his home, as he finds self-navigation confusing.

Mr. H. has never held a formal job. He unsuccessfully tried to work at his father's farm at age 18. He has tried volunteer work at Goodwill and the Humane Society. The experience at Goodwill was unsuccessful. According to Mr. H.'s medical records, he experienced suicidal ideation on one occasion when he could not perform as expected. At the Humane Society, Mr. H. was unable to walk the dogs, but he performed some simple cleaning tasks. According to Mr. H.'s mother, he had one "freakout" experience at the shelter when he lost track of what he was doing. ECF No. 6 at 801. Mr. H.'s volunteer work ended due to the COVID-19 pandemic. He has not returned to volunteering since that time.

Mr. H. has a bank account he uses to pay bills with the help of his mother. He also helps out with chores at home, with reminders to perform them. Mr. H. does not have any children. Mr. H. has few, if any, friends. His primary relationships are with his mother, brother, and niece. Mr. H. plays computer games, and has reported doing well on computers.

Mr. H. filed for Supplemental Security Income and Child Disability Benefits in 2019. Previously, he was using money from his motor vehicle accident which expired on his 30th birthday. In both applications, Mr. H. alleged a disability since

ORDER * 3

1   October 1, 2004 due to a learning disability, anxiety, and depression. In 2020, he

2   received an unfavorable decision. After filing for judicial review, this Court

3   remanded the case for further administrative proceedings.

4       On May 6, 2024, a different ALJ issued another unfavorable decision. While

5   Mr. H. was found to have several severe mental impairments, the ALJ determined

6   these impairments had only a moderate impact on Mr. H.'s mental functioning.

7   The ALJ also determined Mr. H. could perform work existing in the national

8   economy. The ALJ considered the opinions of the following medical professionals:

9   Drs. Tasmyn Bowes, Michael Brown, Bruce Eather, Emma Billings, Thomas

10  Genthe, and David Widlan. The ALJ decision does not mention any consideration

11  of opinions submitted by Dr. Luci Carstens. In its decision, the ALJ determined the

12  opinions of Drs. Brown, Eather, and Billings were persuasive, but not the opinions

13  of Drs. Bowes, Genthe, or Widlans. The ALJ also considered a Third-Party

14  Function report completed by Mr. H.'s mother and her testimony from the 2020

15  hearing, but found them to be inconsistent with the record as a whole. Mr. H.

16  subsequently filed for judicial review.

17                            ANALYSIS

18      This Court's review of a final decision of the Commissioner of Social

19  Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the

20  Commissioner's decision will be disturbed "only if it is not supported by

21  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

ORDER * 4

(9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Here, the parties agree the ALJ committed legal by failing to properly assess the persuasiveness of all proffered medical opinions. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) ("the ALJ must assess the persuasiveness of each medical opinion after considering specified factors"). Specifically, did not account for Dr. Luci Carstens's medical opinion. While the parties agree the ALJ committed reversible error, they disagree as to the appropriate remedy. Mr. H. contends the Court should remand his case for a finding of disability and immediate award of benefits. The Commissioner argues the Court should simply remand for further proceedings.

Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Nevertheless, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (2014).

A three-part "credit-as-true" standard is used to determine when to remand to an ALJ with instructions to calculate and award benefits:

ORDER * 5

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id*. at 1020. Each part "must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." *Id*. Furthermore, even if all three criteria are met, a reviewing court retains "flexibility" in determining whether to award benefits or remand. *Id*. at 1021. Remand is appropriate when "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*.

Here, there are too many conflicts in the record for this Court to make a final disability determination. The Court recognizes there is compelling evidence in Mr. H.'s favor. Significantly, four of the seven doctors who evaluated Mr. H. have determined his mental health impairments have marked impacts on his ability to function. But there is also opposing evidence. For example, Dr. Billings, whom the ALJ deemed largely credible, opined that Mr. H.'s intellectual ability is in the average range and that he would likely be able to learn new information through a verbal modality. In addition, longitudinal evidence relied upon by the ALJ could be interpreted as demonstrating Mr. H.'s impairments have only a moderate impact on his ability to work. For example, Mr. H. can take care of his own hygiene and perform simple household chores. He enjoys video games and considers himself adept at using computers. And Mr. H. was able to volunteer several hours a week at the humane society and get along with his co-workers. While the longitudinal

ORDER * 6

evidence could be interpreted differently, it is not this Court's task to weigh competing inferences from the record.

The record does not clearly demonstrate Mr. H. is disabled. Remand is therefore required.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes this matter must be remanded for further administrative proceedings.

Accordingly,

1. Plaintiff Mr. S.'s Brief, **ECF No. 8**, is **GRANTED in part and DENIED in part.**

2. Defendant Commissioner's Brief, **ECF No. 14**, is **GRANTED**.

3. This case is **RESERVED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

4. On remand, the Commissioner will develop the record as necessary; offer the claimant the opportunity for a hearing; reconsider all relevant issues; and issue a new decision.

5. Upon proper presentation, this Court will consider Plaintiff's application for costs, expenses, and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a), (d).

ORDER * 7

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Plaintiff, and the file shall be **CLOSED**.

**DATED** March 3, 2025.

_____
REBECCA L. PENNELL
United States District Judge

ORDER * 8